IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STESHAWN BRISCO, #M34290, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| WILLIAM A. SPILLER, CORRECTIONAL OFFICER CHITTY, DEBBIE KNAVER, JOHN R. BALDWIN, C/O MORRIS, C/O BECKER, C/O HUNTER, KENT E. BROOKMAN and JACQUELINE LASHBROOK, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 18−cv−2033−NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Steshawn Brisco, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that after a disciplinary hearing on February 6, 2018, he was punished with six months in segregation. Plaintiff asserts that his due process rights were violated during the disciplinary proceeding by William A. Spiller and Kent Brookman and that John R. Baldwin and Debbie Knaver denied his grievances related to the violations. He also claims that, while confined in disciplinary segregation, Correctional Officers Becker, Morris, and Hunter subjected him to unconstitutional conditions of confinement for four days, and Correctional Officer Chitty was deliberately indifferent to his serious medical needs in relation to his attempted suicide.

1

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The Court must also determine whether misjoinder is an issue and retains authority to sever unrelated claims against different defendants into one or more additional lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **The Complaint**

In his complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff received a disciplinary report written by Internal Affairs Lieutenant Spiller on January 30, 2018 for security threat group or unauthorized organization leadership activity, dangerous communications, and dangerous written materials related to a letter allegedly written by Plaintiff that was deemed security threat group activity. (Doc. 1-1, p. 3). In the report, Spiller withheld the date, location, and time of the letter written by Plaintiff. The information was withheld for safety and security concerns, but Plaintiff alleges that the withholding of the information violated 20 Ill. Admin. Code § 504.30(c). (*Id*. at. pp. 3-4). Lieutenant Brookman, the adjustment committee chairman, admitted that Spiller violated the administrative code by withholding the place, time, and date of the offense. (*Id*.). Brookman found Plaintiff guilty of the charges despite the violation. Although Plaintiff wrote grievances regarding Spiller's violation, Knaver and Baldwin denied the grievances at the Administrative Review Board.

As a result of the disciplinary charges, Plaintiff was sentenced to six months segregation at Menard. Plaintiff was placed in a segregation cell that had feces on the wall and lacked running

2

water and a working toilet. (Doc. 1-1, p. 5). Although Plaintiff informed Morris, Becker, and Hunter about the conditions of the cell and requested cleaning supplies, he was denied access to cleaning supplies. He remained in the cell without running water or working toilet for four days. (*Id*. at p. 5).

Plaintiff also alleges that on May 3, 2018 he was deemed suicidal during a monthly session with a mental health professional. (Doc. 1-1, p. 5). He was escorted to suicide watch where Correctional Officer Chitty placed him in the suicide watch cell. (*Id*.). Chitty did not search the cell. Chitty told Plaintiff that he thought he was faking and, if he was not faking, he could kill himself with a small sharp staple piece that Chitty would leave in Plaintiff's cell. (*Id.* at pp. 5-6). Chitty left the cell, leaving the staple piece behind. (*Id.* at p. 6). Plaintiff immediately found the staple and started cutting his right forearm to commit suicide. (*Id*.). Plaintiff was unsuccessful in his attempts as correctional officers discovered Plaintiff and talked him out of cutting himself. Although his forearm was bleeding badly from the cut, none of the correctional officers provided him with medical attention. (*Id*.). Plaintiff did not receive medical care until the next morning, May 4, 2018.

## **Preliminary Dismissals**

Plaintiff attempts to bring claims against individuals or entities not included in the case caption. These individuals or entities will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Although Plaintiff alleges in the body of the complaint that "correctional officers" were deliberately indifferent for failing to provide him with medical treatment after he cut his arm in a suicide attempt, these "correctional officers" are not listed as defendants in the caption. Further, Plaintiff

has identified a group of individuals as a defendant, which is improper. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).[1] All claims against "correctional officers" shall be dismissed without prejudice. Finally, because Plaintiff failed to include Defendant Lashbrook in his statement of claim, she will be dismissed from this action without prejudice. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (naming a party in the caption of a complaint is not sufficient to state a claim).

## Designation of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1 –** **Fourteenth Amendment due process claim against Spiller for failing to include the date, time, and location of the offense in violation of 20 Ill. Admin. Code § 504.30(c).**
>
> **Count 2 –** **Fourteenth Amendment due process claim against Brookman, Knaver, and Baldwin for finding Plaintiff guilty of the charges and approving the sentence despite the violation of 20 Ill. Admin. Code § 504.30(c).**
>
> **Count 3 –** **Eighth Amendment claim against Morris, Becker, and Hunter for housing Plaintiff in a cell without running water or a working toilet and refusing to provide him with cleaning supplies.**
>
> **Count 4 –** **Eighth Amendment claim against Chitty for being deliberately indifferent to his risk of suicide by providing him with a staple to cut himself.**

---

[1] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

## Severance

Counts 1-3, relating to Plaintiff's disciplinary hearing and subsequent placement in segregation, and Count 4, a deliberate indifference claim against Chitty, are not properly joined in a single action. Accordingly, consistent with *George* and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 4 into a separate action against Defendant Chitty and open a new case with a newly-assigned case number. Counts 1-3 will remain in this action and will be subject to preliminary review below.

## Merits Review Under Section 1915(A) – Counts 1-3

### Counts 1 and 2

Plaintiff alleges that Lieutenant Spiller violated his due process rights because his disciplinary report did not include the date, time, and location of the offense in violation of 20 Ill. Admin. Code § 504.30(c). He also alleges that Lieutenant Brookman found him guilty despite acknowledging the violation and that Knaver and Baldwin improperly found no violation. An administrative code violation, however, does not translate into a constitutional violation upon which a civil rights claim may rest. A federal court does not enforce state law and regulations. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989); *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). Therefore, the failure to follow the Illinois Administrative Code does not establish a Fourteenth Amendment due process claim. The claims against Spiller, Brookman, Knaver, and Baldwin in Counts 1 and 2 are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

## Count 3

Plaintiff has stated a colorable deliberate indifference claim against Correctional Officers Morris, Becker, and Hunter for failing to provide him with cleaning supplies and leaving him in a cell with feces on the wall and no running water or toilet. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls). Accordingly, Count 3 shall receive further review as to Morris, Becker, and Hunter.

## Motion for Recruitment of Counsel

According to Plaintiff's motions for counsel (Docs. 3 and 4), Plaintiff needs counsel because he suffers from a serious mental illness. (Doc. 4, p. 2). Plaintiff states that he has written several attorneys and attaches letters he has written seeking counsel. (Doc. 3, pp. 4-7). He also includes a letter from one attorney who declined to take his case. (Doc. 3, p. 8). Thus, the Court finds that plaintiff has met his threshold burden of attempting to obtain counsel on his own.[2] Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged."). Thus, the Court **DENIES** without prejudice Plaintiff's motions for counsel. (Docs. 3 and 4). The Court encourages Plaintiff to renew his request for the recruitment of counsel at a later date.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

## Disposition

### *Preliminary Dismissals*

**IT IS HEREBY ORDERED** that **JACQUELINE LASHBROOK** and **"CORRECTIONAL OFFICERS"** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate **LASHBROOK** as a defendant in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

### *Severance*

**IT IS HEREBY ORDERED** that **COUNT 4** is **SEVERED** into a new case against **CORRECTIONAL OFFICER CHITTY**. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to proceed in forma pauperis (Doc. 2).

**IT IS FURTHER ORDERED** that the <u>**only claims remaining in this action, are COUNS 1-3**</u>.

### *Merits Review Counts 1-3*

**IT IS HEREBY ORDERED** that **COUNT 3** will proceed as to **CORRECTIONAL OFFICERS MORRIS, BECKER, and HUNTER.**

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** are **DISMISSED without prejudice** as to **LIEUTENANT SPILLER, DEBBIE KNAVER, LIEUTENANT BROOKMAN, AND JOHN BALDWIN** for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate these individuals as defendants in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for **C/O MORRIS, C/O BECKER, and C/O HUNTER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: January 11, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**